1 | PHILLIP A. TALBERT
Acting United States Attorney
2 | KAREN A. ESCOBAR
Assistant United States Attorney
3 | 2500 Tulare Street, Suite 4401
Fresno, California 93721
4 | Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:14-CR-00101-DAD-BAM |
|---|---|
| Plaintiff, | |
| v. | PRELIMINARY ORDER OF FORFEITURE |
| TIMOTHY NEW, and NATALIE MIDDLETON, | |
| Defendants. | |

Based upon the plea agreement entered into between United States of America and defendants Timothy New and Natalie Middleton, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 334, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b) defendants Timothy New and Natalie Middleton's interests in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    a. All right, title, and interest in any article of drug that is misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not be introduced into interstate commerce,

    b. A personal forfeiture money judgment against defendant TIMOTHY NEW in the amount of $50,053.41, and

      c. A personal forfeiture money judgment against defendant NATALIE MIDDLETON in the amount of $11,236.00.

2. The above-listed assets constitute property involved in or is property that facilitated a violation of 21 U.S.C. §§ 331(a) and 333(a)(2), and 18 U.S.C. § 1957, or is traceable to such violations.

3. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the U.S. Marshals Service, Drug Enforcement Administration, Internal Revenue Service – Criminal Investigations, or the Department of Homeland Security/Customs and Border Protection in its secure custody and control.

4. a. Pursuant to 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

    b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 334, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b), in which all interests will be addressed.

6. The government, in its discretion, shall conduct discovery, including written discovery, the taking of depositions, and the issuance of subpoenas, in order to identify, locate

or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

IT IS SO ORDERED.

Dated: **October 4, 2016**

_____
UNITED STATES DISTRICT JUDGE